UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-63-F

BEAR ROCK FRANCHISE SYSTEMS, INC., )
BEAR ROCK HOLDINGS, INC., and W. GARY )
BRYANT, )
          Petitioners, )
)
v. )     **ORDER**
)
TODD HEDLUND, KELLY HEDLUND, and )
B.R.ONE, INC., )
          Respondents. )

This matter is before the court on the Motion for Award of Attorneys' Fees and Expenses [DE-13] filed by Petitioner Bear Rock Franchise Systems, Inc. ("Bear Rock").

In a March 26, 2008 Order [DE-11], the court allowed Petitioners' unopposed Petition to Confirm Arbitration Award [DE-1], and ordered, inter alia, that Petitioners are entitled to an award of their costs, expenses, and attorney's fees incurred in filing the Petition to Confirm the Arbitration Award. The court directed Petitioners to submit an affidavit setting forth their fees and expenses incurred in filing the Petition to Confirm Award, and specifically noted that with regard to attorney's fees, Petitioners' counsel should demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s). Bear Rock promptly complied with the court's directive, and filed a Motion for Award of Attorneys' Fees and Expenses [DE-13], along with the Affidavit of John F. Verhey.

In an order filed on June 9, 2008 [DE-16], the court observed that Mr. Verhey's affidavit contained no information as to the length of time Brian Dunn, an associate who performed much of the work on the case, has been licensed to practice, nor did it provide specificity as to the fees sought

for work by Bear Rock's local counsel. Consequently, the court directed counsel for Bear Rock to submit an affidavit containing the needed information. Bear Rock has timely complied, and seeks a total of $7,932.06 in attorney's fees and expenses.

## I. ATTORNEY'S FEES

When awarding attorney's fees, a court must always assess whether the amount requested by the moving party is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). The product of these variables is the lodestar figure. *See Craig v. Dept. of Health & Human Resources*, 864 F.2d 324, 327 (4th Cir. 1989).

In assessing the reasonableness of attorney's fees, the Court of Appeals for the Fourth Circuit has decreed that a district court's analysis must strictly follow the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *as modified by Hensley v. Eckerhart*, 461 U.S. 424 (1983). The *Johnson* factors are: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. *See Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1985). Thus, the court will utilize

2

the *Johnson* factors to determine (1) the reasonable number of hours and (2) the reasonable rate to be used in this case. *Id.* at 1078.

## A. Reasonable Number of Hours

To determine the reasonable number of hours, a party should "submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 473. A court should not consider duplicative or unrelated hours. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174-75 (4th Cir. 1994). As the Fourth Circuit has counseled, "[a]t bottom, the number of hours must be reasonable and must represent the product of 'billing judgment.'" *Id.* at 175. As to the determination of a reasonable number of hours, the court finds the following *Johnson* factors most applicable: 1) the time required to litigate the suit, and 2) the results obtained.

Here, Mr. Verhey avers that between January 8, 2008, through February 22, 2008, he billed three hours for correspondence to his client regarding the Petition, conferences with Mr. Dunn regarding the Petition, and revising the Petition. Mr. Verhey also avers that Mr. Dunn performed 10.7 hours drafting the Petition and coordinating with local counsel regarding filing and service of the Petition. The affidavit filed by Benjamin Kuhn, the local counsel for Bear Rock, indicates he billed Bear Rock for 5.98 hours.[1] The court has reviewed the affidavits and agrees that the three hours performed by Mr. Verhey and the 10.7 hours performed by Mr. Dunn are reasonable. It is not apparent, however, how Mr. Kuhn billed the precise number of 5.98 hours, and therefore the court will round down to the nearest tenth of an hour, or to 5.9 hours.

---

[1] Mr. Kuhn does not expressly state that he performed 5.98 hours of work. Rather, he avers that the hourly rate he charged Bear Rock was $225.00, and then indicates that he charged Bear Rock a total of $1,345.50 in fees. By the court's calculations, this corresponds to 5.98 hours.

3

## B. Reasonable Rate

The court must now determine the reasonable hourly rates for Bear Rock's attorneys. A reasonable hourly rate is one that is at the " 'prevailing market rate[] in the relevant community.' " *Rum Creek Coal Sales*, 31 F.3d at 175 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The Supreme Court has explained that "[t]he burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. With regard to determining the reasonable hourly rate, the court finds the following *Johnson* factors to be particularly important: 1) the customary fee for such services and 2) the experience, reputation and ability of the attorney.

Bear Rock requests the following hourly rates for their attorneys: 1) $504 for Mr. Verhey, an attorney who has practiced law for approximately 20 years; 2) $419 for Mr. Dunn, an attorney who has been admitted to practice for approximately five years; 3) $225 for Mr. Kuhn, an attorney who has been practicing for approximately eleven years. Mr. Verhey and Mr. Dunn practice in Chicago, Illinois, while Mr. Kuhn practices in Raleigh, North Carolina.

Having reviewed the qualifications, experience and location of the attorneys, and the typical hourly rates charged by similarly situated attorneys in *The 2006 Survey of Law Firm Economics*, the court finds the rate requested by Bear Rock for Mr. Kuhn's services to be reasonable. *See* ALTMAN WEIL, INC., THE 2006 SURVEY OF LAW FIRM ECONOMICS, 98 (2006)[hereinafter THE 2006 SURVEY OF LAW FIRM ECONOMICS]. The court cannot say the same for the rates requested for the services of Mr. Verhey. According to *The 2006 Survey of Law Firm Economics*, the median hourly rate for attorneys practicing in Illinois with between 16 and 20 years

4

of experience was $240. *See* THE 2006 SURVEY OF LAW FIRM ECONOMICS, *supra* at 95. The ninth decile of hourly rates for attorneys with 16 to 20 years of experience was $420 per hour. *Id.* Even if the court considers the difference of two years, and the fact that Mr. Verhey practices with a large firm in Chicago, the court still cannot find the requested rate of $504 to be reasonable. Instead, the court finds $420 to be a reasonable rate for Mr. Verhey's services.

Similarly, the court cannot find the rate requested for Mr. Dunn, $419 per hour, to be reasonable. *The 2006 Survey of Law Firm Economics* indicates that the median hourly rate charged by attorneys in Illinois with four to five years experience was $240. *See* THE 2006 SURVEY OF LAW FIRM ECONOMICS, *supra* at 95. The ninth decile of attorneys with four to five years of experience was $262. *Id.* Again, even if the court considers the difference of two years, the court cannot conclude that the requested rate of $419 per hour is reasonable. Accordingly, the court finds $262 to be a reasonable hourly rate for Mr. Dunn.

### C. Total Reasonable Attorney's Fees

Accordingly, based on the foregoing analysis, the court finds that the Bear Rock is entitled to attorney's fees in the amount of $5,390.90.[2] Moreover, the court finds Bear Rock's requested expenses of $591.26 to be reasonable.

---

[2] This amount is calculated as follows:
1. Mr. Verhey: 3.0 hours x $420.00=$1,260.00.
2. Mr. Dunn: 10.7 hours x $262.00= $2,803.40.
3. Mr. Kuhn: 5.9 hours x $225.00= $1,327.50.

5

## II. CONCLUSION

For the foregoing reasons, it hereby is ORDERED that Respondents Todd Hedlund, Kelly Hedlund, and B.R. One, Inc., pay Petitioners attorney's fees and expenses in the amount of $5,982.16.

SO ORDERED.

This the 25th day of June, 2008.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge